**E-FILED**
Thursday, 18 June, 2009  01:51:36 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| PATRICK HAHN and ERIK REDWOOD, Administrator of the Estate of JANET LOUISE HAHN, Deceased,<br><br>  Plaintiffs,<br><br>vs.<br><br>DANIEL WALSH, DEPUTY MCCALLISTER, UN-NAMED CHAMPAIGN COUNTY CORRECTIONAL OFFICERS, HEALTH PROFESSIONALS LTD., an Illinois Corporation, UN-NAMED JAIL NURSE(S), COUNTY OF CHAMPAIGN, ILLINOIS, SYLVIA MORGAN, MATTHEW BAIN, ANGELA MENOCCI, CITY OF URBANA, ILLINOIS, a Municipal Corporation,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  09-<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>COMPLAINT</u>

Plaintiffs, by counsel, allege as follows:

**JURISDICTION AND VENUE**

1.  This is a civil action arising under the Fourteenth Amendment to the United States Constitution, The Civil Rights Act of 1964 - 42 U.S.C. § 1983 and §1988, The Americans with Disabilities Act - 42 U.S.C. §12101 et seq., The Illinois Constitution, Article I §2, §6, §12, and State Law - 740 ILCS 180/1 et seq., 740 ILCS 23/5 .  The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2.  This judicial district is an appropriate venue under 28 U.S.C. § 1391(b) because the events giving rise to the suit occurred in this judicial district.

**PARTIES**

3.    The Plaintiff, PATRICK HAHN is the husband of JANET LOUISE HAHN.

4.    The Plaintiff, ERIK S. REDWOOD is the Administrator of the Estate of decedent JANET LOUISE HAHN (hereinafter "Janet"), Champaign County Probate Case #08-P-54, having been appointed Administrator on May 28, 2008 and is a resident of the Central District of Illinois.

5.    Defendant, DANIEL WALSH (Walsh) was, at all times relevant, the Sheriff of Champaign County, Illinois, acting under color of state law and is sued in his official capacity.

6.    Defendants, DEPUTY MCCALLISTER (McCallister) and UN-NAMED CHAMPAIGN COUNTY CORRECTIONAL OFFICERS are sued in his/her/their individual capacities and at all times relevant hereto each was acting under color of state law and within the course and scope of employment, each as a deputy sheriff.

7.    Defendants, UN-NAMED JAIL NURSE(S) was/were, at all times relevant, employed by defendant Health Professionals, LTD. as a nurse at the Champaign County Jail, acting under color of state law, and is/are sued in his/her/their individual capacity.

8.    Defendant HEALTH PROFESSIONALS, LTD. (HPL) is an Illinois corporation which provides medical and health care services to adult detainees and prisoners at the Champaign County jails, pursuant to contract with the County of Champaign.

9.    Defendant COUNTY OF CHAMPAIGN, ILLINOIS (County) is joined in this action pursuant to *Carver v. Sheriff of LaSalle County,* 324 F.3d 946 (7th Cir. 2003).

10.    Defendant CITY OF URBANA, ILLINOIS is a Municipal Corporation which operates a Police Department and employs police officers, including defendants herein.

11.    Defendant, SYLVIA MORGAN is sued in her individual capacity and at all

times relevant hereto she was acting under color of state law and within the course and

scope of employment, as a Police Officer employed by the City of Urbana, Illinois.

    12.    Defendant, ANGELA MENOCCI is sued in her individual capacity and at all

times relevant hereto she was acting under color of state law and within the course and

scope of employment, as a Police Officer employed by the City of Urbana, Illinois.

    13.    Defendant, MATTHEW BAIN is sued in his individual capacity and at all

times relevant hereto he was acting under color of state law and within the course and

scope of employment, as a Police Officer employed by the City of Urbana, Illinois.

**FACTS**

    14.    Janet was a 33 year old woman in whom the severe impairments of Bipolar

Disorder, Adjustment Disorder, Borderline Intellectual Functioning and Type I (juvenile)

Diabetes combined so as to classify her as a person under a disability under the Social

Security Act, from July 28, 2004 until the date of her death on June 18, 2007.

    15.    Prior to June 15, 2007, the Urbana Police Department had been called on

numerous occasions to take Janet to the Hospital Emergency Room to be treated for her

disabling conditions, including diabetes, therefore, the Urbana Police Department and its

officers and agents had prior knowledge of Janet's serious medical conditions and

disabilities which regularly required emergency medical attention.

    16.    Janet was arrested for aggravated domestic battery on June 15, 2007 by City

of Urbana police officers and transported to the Champaign County Jail and admitted to

the jail as a pre-trial detainee.

    17.    Prior to her arrest and transport to said jail, John Hawn informed the

arresting officers, including defendants Menocci, Morgan and Bain, that Janet was

mentally unbalanced and that Janet needed to go to the Emergency Room at the hospital.

18.    Following her arrival at the jail, Janet became seriously ill and required emergency medical and/or psychiatric care.

19.    While incarcerated at the jail, Janet became seriously ill and was aware that she required emergency medical and/or psychiatric care.  Janet repeatedly requested medical assistance by stating that she was a diabetic and she needed her doctor.

20.     At no time did anyone from the jail contact Janet's husband, doctors or any other person to get Janet's necessary medications or to get information about Janet's conditions and disabilities.

21.    Janet was refused medical treatment to control her diabetes and she collapsed at the Champaign County Jail on June 18, 2007 and died that same day.

## COUNT I - DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

22.    Incorporating herein all of paragraphs 1-21, one or more of defendants Walsh, Morgan, Bain, Menocci, McCallister, Un-named Champaign County Correctional Officers, Un-named Jail Nurse(s), after being made aware that Janet required emergency medical and/or psychiatric care, and with deliberate indifference to such serious medical needs, failed or refused to take Janet to a hospital emergency room and/or failed and refused to take action to provide Janet with necessary medical and/or psychiatric care, thereby proximately causing, in whole or in part, her conscious pain and suffering and her death and depriving Janet of her rights under the Fourteenth Amendment in violation of 42 U.S.C. §1983.

## COUNT II - CUSTOM AND POLICY OF DELIBERATE INDIFFERENCE - DEFENDANT SHERIFF DANIEL WALSH

23.    Incorporating herein all of paragraphs 1-21, Defendant Walsh is the supervisory official responsible for development and implementation of policies and

procedures for the identification and handling of pretrial detainees suffering serious

medical conditions, including mental illness and diabetes.  This defendant was aware,

because of six deaths having occurred in the Champaign County Jail since mid-2004, of

the need for appropriate policies and procedures concerning the identification and

handling of pretrial detainees suffering serious medical conditions, including mental

illness and diabetes.  Nevertheless, despite knowledge of this need, this defendant, acting

with deliberate indifference, among other things, failed to develop and implement

adequate policies and procedures with the foreseeable result that pretrial detainees like

Janet would not be identified and would not receive appropriate treatment and

monitoring.

24.     Due to his failure to develop and implement the aforesaid adequate policies

and procedures, the jail staff failed or refused to take action to provide Janet with

necessary medical and/or psychiatric care, thereby proximately causing, in whole or in

part, her conscious pain and suffering and her death and depriving Janet of her rights

under the Fourteenth Amendment in violation of 42 U.S.C. §1983.

**COUNT III** - **CUSTOM AND POLICY OF DELIBERATE INDIFFERENCE -**
**DEFENDANT CITY OF URBANA**

25.     Incorporating herein all of paragraphs 1-21, Defendant City of Urbana is the

supervisory official responsible for development and implementation of policies and

procedures for the identification and handling of arrestees suffering serious medical

conditions, including mental illness and diabetes.  This defendant was aware, because of

numerous prior arrest and emergency medical situations involving Janet Hahn, of the

need for appropriate policies and procedures concerning the identification and handling

of arrestees suffering serious medical conditions, including mental illness and diabetes,

and in particular Janet Hahn.  Nevertheless, despite knowledge of this need, this defendant, acting with deliberate indifference, among other things, failed to develop and implement adequate policies and procedures of taking arrestees with serious medical conditions directly to a hospital emergency room instead of to the jail, with the foreseeable result that arrestees like Janet would not be identified and would not receive appropriate and necessary emergency medical treatment.

26.    Due to the failure of this defendant to develop and implement the aforesaid adequate policies and procedures, the arresting officers, even after having been told of Janet's need for emergency medical and/or psychiatric care, failed or refused to take action to provide Janet with necessary emergency medical and/or psychiatric care, thereby proximately causing, in whole or in part, her conscious pain and suffering and her death and depriving Janet of her rights under the Fourteenth Amendment in violation of 42 U.S.C. §1983.

**COUNT IV - CUSTOM AND POLICY OF DELIBERATE INDIFFERENCE - DEFENDANT HEALTH PROFESSIONALS LTD.**

27.    Incorporating herein all of paragraphs 1-21, Defendant Health Professionals Ltd. is the entity which maintains supervisory responsible for the development and implementation of policies and procedures for the identification and handling of pretrial detainees suffering serious medical conditions, including mental illness and diabetes, by jail nurses in its employ, including at the Champaign County Jail.  This defendant was aware, because of six deaths having occurred in the Champaign County Jail since mid-2004, of the need for appropriate policies and procedures concerning the identification and handling of pretrial detainees suffering serious medical conditions, including mental illness and diabetes.  Nevertheless, despite knowledge of this need, this defendant, acting

with deliberate indifference and/or negligence, among other things, failed to develop and implement adequate policies and procedures with the foreseeable result that pretrial detainees like Janet would not be identified and would not receive appropriate treatment and monitoring.

28.    Due to this failure to develop and implement the aforesaid adequate policies and procedures, the jail nurses, employed by Health Professionals Ltd. failed or refused to take action to provide Janet with necessary medical and/or psychiatric care, thereby proximately causing, in whole or in part, her conscious pain and suffering and her death and depriving Janet of her rights under the Fourteenth Amendment in violation of 42 U.S.C. §1983.

## COUNT V - FAILURE TO TRAIN AND SUPERVISE - DEFENDANT SHERIFF DANIEL WALSH

29.    Incorporating herein all of paragraphs 1-21, Defendant Walsh was aware of the need for appropriate policies and procedures to monitor and discipline jail deputies to prevent illegal and unconstitutional behaviors by deputies against inmates of the Champaign County jails.  Nevertheless, he failed to develop and implement adequate policies and procedures, which enabled Champaign County jail deputies to engage in conduct that violates the constitutional rights of persons in custody, including Janet, without fear of reprimand, discipline or criminal prosecution, creating an atmosphere where such unconstitutional behavior is ratified, tolerated, acquiesced or condoned, in reckless disregard and deliberate indifference to the welfare of the public, including Janet, thereby proximately causing, in whole or in part, her conscious pain and suffering and her death.

## COUNT VI - AMERICANS WITH DISABILITIES ACT - COUNTY OF CHAMPAIGN AND HEALTH PROFESSIONALS LTD.

30.     Incorporating herein all of paragraphs 1-21, The Defendant, County of Champaign is a local governmental entity which engages in offering and providing medical services to members of the general public who are in the custody of the Champaign County Jail.

31.     The Defendant, Health Professionals Ltd. is a private entity which engages in offering and providing medical services to members of the general public who are in the custody of the Champaign County Jail, pursuant to a contract for services.

32.     Defendants McCallister, Un-named Champaign County Correctional Officers and Un-named Jail Nurse(s) are individuals who are employed by, associated with or otherwise acting as authorized representatives or agents of Defendants Champaign County and/or Health Professionals Ltd. At the Champaign County Jail.

33.     At all times herein mentions, Defendants, and each of them, were the agents, representatives, principals and/or employees of each other and, in doing the things alleged herein, were acting within the course and scope of said agency or employment.

34.     At all times during her incarceration as a pretrial detainee, from June 15, 2007 through June 18, 2007, Janet was suffering from several severe impairments, including Bipolar Disorder, Adjustment Disorder, Borderline Intellectual Functioning and Type I (juvenile) Diabetes.

35.     At aforesaid times, Janet was exhibiting behaviors that were incoherent, erratic, uncooperative and/or irrational, all due to her disabilities.

36.     As a punishment for Janet's  incoherent, erratic, uncooperative and/or irrational behaviors, the defendants, and their agents and employees, refused to provide necessary medical care for Janet's diabetes and mental illness, thereby causing her to die, cause of death was diabetic ketoacidosis.

37.    Janet's death was preventable by timely administration of proper dosages of insulin, which had been prescribed by Janet's doctor and with which Janet had successfully managed her diabetes for 33 years but which the defendants refused to test for and refused to administer solely on the basis of her mental disabilities and the manifestations of said mental disabilities.

38.    The ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of services in a places of public accommodation, including medical services offered to pretrial detainees in a county jail.

## COUNT VII - LOSS OF CONSORTIUM - PATRICK HAHN AGAINST ALL DEFENDANTS

39.    Incorporating herein all of paragraphs 1-21, Prior to Janet's death, Patrick and Janet Hahn enjoyed a close marital relationship, including a sexual relationship and a mutual sharing of the ordinary affairs and duties of life, marriage and family.

40.    That Patrick Hahn has been prevented from carrying on his previous marital relationship, and his ordinary affairs and duties of life, marriage and family to the same extent and in the same manner as he was able to do before the defendants caused the untimely death of his wife, Janet.

41.    That, without Janet, Patrick Hahn, who is an epileptic, was unable to care for the child that had been born of his marriage to Janet, a female child named J.P.H., and Patrick's parental rights were terminated and the child was adopted by un-related party, thereby terminating forever Patrick's relationship with J.P.H.

42.    As a proximate result of the death of Janet, plaintiff Patrick Hahn has suffered a lack of consortium including the loss of material services, loss of Janet's society and companionship, loss of sexual relations, mental distress and a decline into

severe depression and alcoholism directly related to the untimely loss of his wife Janet.

**COUNT VIII** - **WRONGFUL DEATH** - **740 ILCS 180/1  et seq.**

43.    Incorporating herein all of paragraphs 1-21, Defendant HPL owed a duty to provide professional and responsible health services to Janet.  Notwithstanding this duty, after being made aware that Janet required emergency medical and/or psychiatric care, defendant un-named nurse(s), acting in accordance with the policies and procedures of defendant Health Professionals Ltd., willfully, wantonly or negligently failed or refused to take action to provide Janet with medical and/or psychiatric care, thereby proximately causing, in whole or in part, her conscious pain and suffering and her death.

44.   Defendants owed a duty to provide professional and responsible health services to Janet.  Notwithstanding this duty, defendants willfully, wantonly or negligently failed or refused to take action to provide Janet with medical and/or psychiatric care, thereby proximately causing, in whole or in part, her conscious pain and suffering and her death.

45.    The heirs/beneficiaries of the decedent, Janet Hahn, are a natural daughter, J.P.H. and a surviving husband, Patrick Hahn and they  have suffered pecuniary damages and have been deprived of the support, comfort, protection and society of the decedent.

46.    Plaintiff brings state law claims pursuant to all applicable Survival Act statutes, provisions and case law, including 755 ILCS 5/27-6 and 735 ILCS 5/13-209 and pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1  et seq.

47.    Plaintiff has been unable to secure the affidavit of a medical professional in support of the Complaint because Defendant Daniel Walsh failed and refused to respond

to a duly served Freedom of Information Act Request for all records concerning Janet Louise Hahn and plaintiff does not have independent access to these medical records which are necessary for the review of a medical professional and the affidavit required.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for judgment as follows:

On all Counts

    (a) Compensatory general and special damages in accordance with proof;

    (b) Costs of suit necessarily incurred herein; and

    (c) Such further relief as the Court deems just or proper;

On Count I, Count II, Count III, Count IV, Count V and Count VI

    (d) Reasonable Attorney's fees and expenses of litigation; and

    (e) Punitive damages against the defendants (except the immune entity defendants) in an amount sufficient to punish those defendants and to deter future misconduct;

On Count VII and Count VIII

    (f) Punitive and Statutory damages as allowed.

                            PATRICK HAHN and ERIK S. REDWOOD

**PLAINTIFFS DEMAND TRIAL BY JURY**

                            **JUDE MARIE REDWOOD**

June 18, 2009                   s/ Jude Marie Redwood
                            Mrs. Jude M. Redwood 6257623
                            For the plaintiff
                            REDWOOD LAW OFFICE
                            P.O. Box 864
                            St. Joseph, IL 61873
                            Telephone: (217) 469-9194
                            Facsimile: (217) 469-8094
                            redwoodlaw42@hotmail.com

✎JS 44   (Rev. 3/99)  **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PATRICK HAHN,
ERIK S. REDWOOD, Administrator of the Estate of
JANET LOUISE HAHN,, Deceased.

**DEFENDANTS**
DANIEL WALSH, MCCALLISTER,UN-NAMED COUNTY CORRECTIONAL OFFICERS, HPL, UNNAMED JAIL NURSES, CHAMPAIGN COUNTY, CITY OF URBANA, SYLVIA MORGAN, ANGELA MENOCCI, MATT BAIN

**(b)** County of Residence of First     CHAMPAIGN
   (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   CHAMPAIGN
   (IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
JUDE M. REDWOOD
REDWOOD LAW OFFICE
P.O. BOX 864
ST. JOSEPH, IL 61873
(217) 469-9194    FAX (217) 469-8094

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

X 3  Federal Question
   (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
   (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- X 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- X 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
 Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- X 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

X 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC §1983 FOURTEENTH AMENDMENT AND PENDENT STATE WRONGFUL DEATH CLAIM FOR DAMAGES FOR DEATH OF PRETRIAL DETAINEE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ NO AMOUNT

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    X Yes    No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE     /S/ Jude M. Redwood     DOCKET NUMBER

DATE           SIGNATURE OF ATTORNEY OF RECORD