## UNITED STATES  DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| PATRICK HAHN, and<br>ERIK REDWOOD, Administrator of the<br>Estate of Janet Louise Hahn, Decased,<br><br>Plaintiffs,<br>v.<br><br>DANIEL WALSH, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  09-2145

# REPORT AND RECOMMENDATION

In June 2009, Plaintiffs Patrick Hahn and Erik Redwood, Administrator of the Estate of Janet Louise Hahn, deceased, filed a Complaint (#1) against Defendants Daniel Walsh, Deputy McCallister, Unnamed Champaign County Correctional Officers, Health Professionals, Ltd., Unnamed Jail Nurse(s), County of Champaign, Illinois, Sylvia Morgan, Matthew Bain, Angela Menocci, and City of Urbana, Illinois.  In July 2009, Plaintiffs filed an Amended Complaint (#3).  Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiffs have alleged violations of the United States Constitution and federal law.

In July 2009, Defendants City of Urbana, Morgan, Bain, and Menocci filed  a Motion To Dismiss Count VII Pursuant to Rule 12(b)(6) (#6).  In September 2009, Plaintiffs filed a Response to Urbana Defendants' Motion To Dismiss (#23).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Count VII Pursuant to Rule 12(b)(6) (**#6**) be **GRANTED**.

## I.  Background

The following background is taken from the amended complaint.  Plaintiff Patrick Hahn is the husband of the deceased, Janet Hahn.  At relevant times, Defendant Walsh was the Sheriff of Champaign County, Deputy McCallister worked as a deputy sheriff, and Defendants Morgan, Menocci, and Bain worked as City of Urbana police officers.  Defendant HPL provided medical

and health care services to adult detainees and prisoners incarcerated in Champaign County jails. Defendants Unnamed Nurse(s) worked for HPL. Plaintiffs joined the County of Champaign, Illinois, pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 946 (7th Cir. 2003).

Plaintiffs have alleged that all individual Defendants were acting under color of law and within the scope of their employment at relevant times. Plaintiffs have sued Defendant Walsh in his official capacity, and Defendants McCallister, unnamed Champaign County correctional officers, unnamed jail nurse(s), Moran, Menocci, and Bain in their individual capacities.

Plaintiffs allege that Janet Hahn had diabetes as well as psychiatric problems including bipolar disorder, adjustment disorder, and borderline intellectual functioning. The Urbana Police Department and its officers were aware of Janet's medical conditions prior to June 15, 2007. On June 15, 2007, Urbana police officers arrested Janet for aggravated domestic battery and admitted her to the Champaign County Jail as a pretrial detainee. Before she was transported to the jail, John Hahn informed the arresting officers, including Defendants Menocci, Morgan, and Bain, that Janet had medical problems, was mentally unbalanced, and needed to go to the hospital emergency room. When Janet arrived at the jail, she told jail staff that she was diabetic. While incarcerated at the jail, Janet became seriously ill and repeatedly requested medical assistance by stating that she was diabetic and needed her doctor. At no time did anyone from the jail contact Janet's husband, doctors, or any other person to get Janet's medications or to obtain information about her medical conditions. Defendants refused Janet medical treatment to control her diabetes and she collapsed at the jail on June 18, 2007, and died the same day.

Plaintiffs' complaint alleges eight counts, as follows: Count I, against "one or more of defendants Walsh, Morgan, Bain, Menocci, McCallister, Un-named Champaign County Correctional Officers, Un-named Jail Nurse(s)" (#3, ¶ 22), alleges deliberate indifference to Janet's serious medical need in violation of the Fourteenth Amendment based on Defendants' failure to provide Janet with medical care. Count II, against Defendant Walsh, alleges deliberate indifference to Janet's serious medical need in violation of the Fourteenth Amendment based on Walsh's failure to develop policies to identify and handle pretrial detainees who have serious

medical conditions.  Count III, against Defendant City of Urbana, alleges deliberate indifference to Janet's serious medical need in violation of the Fourteenth Amendment based on the City's failure to develop policies to identify and handle pretrial detainees who have serious medical conditions.  Count IV, against Defendant HPL, alleges deliberate indifference to Janet's serious medical need in violation of the Fourteenth Amendment based on HPL's failure to develop policies to identify and handle pretrial detainees who have serious medical conditions.  Count V, against Walsh, alleges failure to train and supervise; specifically, Walsh's failure to develop policies to monitor and discipline jail deputies to prevent illegal and unconstitutional behaviors against inmates at the jail.  Count VI, against Champaign County and HPL, alleges violations of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132 *et seq.*) (hereinafter "ADA"), and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).  Count VII, against all Defendants, alleges loss of consortium.  Count VIII, against HPL and unnamed jail nurses, alleges wrongful death under the Illinois Wrongful Death Act (740 ILCS 180/1 *et seq*.).

## II.  Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles":  First, the plaintiff must plead sufficient facts to give a defendant fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings.  *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993).  Furthermore, the Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor.

*McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). A claim is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory'." *Bell Atl.,* 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

### III. Analysis

Defendants argue that the Court should dismiss Count VII, the loss of consortium claim, because (1) it fails to state a claim; (2) it contains only allegations of damage and alleges no specific actionable theory, no wrongful conduct, and no allegations against any specific Defendant; and (3) it is incorporated within one or more of the other claims and cannot stand as a separate claim. The Court notes that Defendants have provided no authority to support these arguments.

Regarding the lack of factual allegations, Plaintiffs respond that Count VII incorporates all of Paragraphs 1-21 of the amended complaint. Plaintiffs state that the legal theory for this claim is loss of consortium, which is stated in the name of Count VII. *See Allen v. Storr*, 600 N.E.2d 1263, 1265 (Ill. App. Ct. 1992) (stating that consortium is a right the law recognizes in a husband to have performance by the wife of all those duties and obligations in respect of him which she undertook when she entered into the marriage relation and it includes material services as well as companionship, felicity, and sexual intercourse).

Plaintiffs also contend that the damages recoverable in a loss of consortium claim are also recoverable under a Section 1983 claim. *See Pitzer v. City of E. Peoria, Ill.*, 597 F. Supp. 2d 806, 810 (C.D. Ill. 2009) (allowing the plaintiff to recover for damages related to loss of

consortium under a Section 1983 claim). Plaintiffs ask that the motion be denied or, in the alternative, that Plaintiffs be allowed to amend their complaint.

The Court addressed the issue of damages for loss of consortium in a previous Report and Recommendation (#34), noting that, according to *Pitzer*, when a constitutional violation results in the death of a married person, the estate may recover for the loss of consortium, society, and companionship experienced by the surviving spouse as a result of the death. *Id.* at 810. The Court found the reasoning in the *Pitzer* decision persuasive.

Consistent with that Report and Recommendation, this Court recommends granting the motion to dismiss the loss of consortium claim in Count VII and allowing Plaintiffs to amend their constitutional claims to include damages for loss of consortium.

## IV.  Summary

For the reasons stated above, this Court recommends that Defendants' Motion To Dismiss Count VII Pursuant to Rule 12(b)(6) **(#6)** be **GRANTED** and that Plaintiffs be allowed to amend the prayers for relief for the Section 1983 claims to incorporate damages for loss of consortium.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 24th day of November, 2009.

_____  s/ DAVID G. BERNTHAL_____
U.S. MAGISTRATE JUDGE