# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **PATRICK HAHN and ERIK REDWOOD,** ) | |
| **Administrator of the Estate of Janet Louise** ) | |
| **Hahn, Deceased,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | Case No. 09-CV-2145 |
| ) | |
| **DANIEL WALSH, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#8) filed by Defendants City of Urbana, Sylvia Morgan, Matthew Bain and Angela Menocci (Defendants). This court has carefully considered the arguments of the parties and the documents provided by the parties. Following this careful and thorough review, Defendants' Motion for Summary Judgment (#8) is DENIED.

## BACKGROUND

On June 18, 2009, Plaintiffs, Patrick Hahn and Erik Redwood, Administrator of the Estate of Janet Louise Hahn, filed a Complaint (#1) against Defendants Daniel Walsh, Deputy McCallister, Unnamed Champaign County Correctional Officers, Health Professionals, Ltd., Unnamed Jail Nurse(s), County of Champaign, Illinois, Sylvia Morgan, Matthew Bain, Angela Menocci and City of Urbana, Illinois. On July 15, 2009, Plaintiffs filed an Amended Complaint (#3). On July 29, 2009, Defendants filed a Motion for Summary Judgment (#8) and a Memorandum in Support (#9). Defendants argued that Plaintiffs' claims are barred by the applicable statute of limitations. On September 23, 2009, Plaintiffs filed a Response to Defendants' Motion for Summary Judgment

(#25) with attached exhibits. On October 7, 2009, Defendants filed a Reply Memorandum in Support of Motion for Summary Judgment (#26).

ANALYSIS

I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. Am. Hoechst Corp, 24 F.3d 918, 920 (7th Cir. 1994).

II. FEDERAL CLAIMS

Defendants argued that, based upon the facts alleged in Plaintiffs' Complaint, their contact with the decedent, Janet Louise Hahn, occurred on June 15, 2007, the day of her arrest. Defendants stated that there was no interaction between them and the decedent at any time after that date. Defendants contended Plaintiffs' federal claims against them, included in Counts I and III of Plaintiffs' Amended Complaint, were filed three days after the expiration of the two year statute of limitations applicable to claims under 42 U.S.C. § 1983.

In their Response, Plaintiffs argued that the injury alleged in this case is the death of the decedent, which occurred on June 18, 2007. They contend that their Complaint, filed June 18, 2009, was therefore timely. This court agrees.

There is no dispute in this case that the statute of limitations for Plaintiffs' claims under 42

U.S.C. § 1983 is two years. See Wallace v. Kato, 549 U.S. 384, 387 (2007). In Wallace, the United States Supreme Court stated that the standard rule is that a § 1983 cause of action accrues "when the plaintiff has 'a complete and present cause of action'" which is when "the plaintiff can file suit and obtain relief." Wallace, 549 U.S. at 388, quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc., 522 U.S. 192, 201 (1997). In a § 1983 case where it is alleged that the injuries caused the death of the decedent, the accrual date is the date of the decedent's death. See Kelderhouse v. Fox, 2008 WL 2340137, at *2 (N.D. Ill. 2008).

This court agrees with Plaintiffs that the cases cited by Defendants are not directly on point and do not support Defendants' argument. Accordingly, this court concludes that Plaintiffs' claims against Defendants under § 1983 are not time-barred.

### III. STATE LAW CLAIM

In Count VII of Plaintiffs' Amended Complaint, Plaintiffs alleged loss of consortium. Defendants argued that it was difficult to tell if this is a federal or state claim. They argued that, if it is a federal claim, it is time-barred on the same basis as Counts I and III. They also argued that, if it is a state claim, a one year statute of limitations applies and it is time-barred for that reason.

On December 29, 2009, this court entered an Order (#40) in this case. In the Order, this court, among other things, granted Defendants' Motion to Dismiss Count VII of Plaintiffs' Amended Complaint. This court agreed with Magistrate Judge David G. Bernthal that Count VII should be dismissed and Plaintiffs should be allowed to amend their constitutional claims to include damages for loss of consortium. Plaintiffs were therefore allowed fourteen days to file an amended complaint.

Based upon this court's Order, it is now clear that Plaintiffs' claim for loss of consortium is

a federal claim. Therefore, because this court has rejected Defendants' argument that Plaintiffs' claims under § 1983 are time-barred, this court concludes that Plaintiffs' claim for loss of consortium is likewise not time-barred.

IT IS THEREFORE ORDERED THAT

(1) Defendants' Motion for Summary Judgment (#8) is DENIED.

(2) This case is referred to Judge Bernthal for further proceedings.

ENTERED this 7th day of January, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE