**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **PATRICK HAHN and ERIK REDWOOD,** ) <br> **Administrator of the Estate of Janet Louise** ) <br> **Hahn, Deceased,** ) <br> ) <br> **Plaintiffs,** ) <br> v. ) <br> ) <br> **DANIEL WALSH, et al.,** ) <br> ) <br> **Defendants.** ) | Case No. 09-CV-2145 |

**OPINION**

This case is before the court for ruling on the Motion to Alter or Amend a Judgment (#46) filed by Plaintiffs, Patrick Hahn and Erik Redwood, Administrator of the Estate of Janet Louise Hahn, Deceased. This court has carefully considered Plaintiffs' Motion, Memorandum in Support (#47), and the Response (#48) filed by Defendant Health Professionals, Ltd. (HPL). Following this careful and thorough review, Plaintiffs' Motion (#46) is DENIED.

BACKGROUND

On June 18, 2009, Plaintiffs filed a Complaint (#1) against Defendants Daniel Walsh, Deputy McCallister, Unnamed Champaign County Correctional Officers, HPL, Unnamed Jail Nurse(s), County of Champaign, Illinois, Sylvia Morgan, Matthew Bain, Angela Menocci and City of Urbana, Illinois. Plaintiffs alleged that Janet Hahn (Janet) was arrested on June 15, 2007, and was taken to the Champaign County Jail. They alleged that Janet became seriously ill and required emergency medical and/or psychiatric care. Plaintiffs alleged that she was refused medical treatment and died on June 18, 2007. Plaintiffs alleged various causes of action against the Defendants. As is relevant here, Plaintiffs alleged in Count VIII that HPL and unnamed jail nurses were liable for wrongful

death pursuant to 740 Ill. Comp. Stat. 180/1 et seq. Plaintiffs alleged that HPL "willfully, wantonly or negligently failed or refused to take action to provide Janet with medical and/or psychiatric care, thereby proximately causing, in whole or in part, her conscious pain and suffering and her death." Plaintiffs alleged that they "had been unable to secure the affidavit of a medical professional in support of the Complaint because Defendant Daniel Walsh failed and refused to respond to a duly served Freedom of Information Act Request for all records concerning Janet Louise Hahn and plaintiff does not have independent access to these medical records which are necessary for the review of a medical professional and the affidavit required." On July 15, 2007, Plaintiffs filed an Amended Complaint (#3). The allegations in Count VIII remained the same, however.

On September 1, 2009, Defendants filed a Motion to Dismiss (#17) and a Memorandum in Support (#18). Defendants asked, as is relevant here, that Count VIII be dismissed for failure to comply with the provisions of 735 Ill. Comp. Stat. 5/2-622. On November 24, 2009, Magistrate Judge David G. Bernthal entered two Reports and Recommendations (#34, #35) in this case. One of Judge Bernthal's recommendations was that the Motion to Dismiss should be granted as to Count VIII. Judge Bernthal stated:

> The Court disagrees with Plaintiffs' contention that they have satisfied the requirements of Section 2-622 by making allegations in the complaint. The statute provides that a plaintiff must file an affidavit declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a health professional; (2) that the affiant was unable to obtain a consultation with a health professional; or (3) that a request has been made by the

2

plaintiff or his attorney for examination of records and the party required to comply has failed to produce such records within 60 days of the receipt of the request. 735 ILCS 5/2-622(a)(1-3). Under Section 2-622(a)(3), "the affidavit must state that counsel has made a request for records . . . and that the party to whom the request was made failed to comply within 60 days, whereupon the plaintiff is granted 90 days form the time the records are received to file the required report." *Hobbs v. Lorenz*, 786 N.E.2d 260, 263 (Ill. App. Ct. 2003). Thus, under any circumstances, a plaintiff must file an affidavit: an allegation in the complaint does not satisfy the statutory requirement.

Under Illinois law, if a plaintiff fails to satisfy the statutory filing requirement, dismissal is mandatory. 735 ILCS 5/2-622(g). However, courts have discretion to dismiss with or without leave to amend. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice'." *Id.* at 614. Illinois courts liberally construe Section 2-622 so that plaintiffs do not lose substantive rights merely because they have not strictly complied with the statute. *Id.*

at 613.

Judge Bernthal stated that he took no position as to whether the dismissal of Count VIII should be with or without prejudice, leaving that to the discretion of the District Court.

On December 29, 2009, this court entered an Order (#40) which agreed with and accepted the Reports and Recommendations (#34, #35) filed by Judge Bernthal. This court noted that Plaintiffs had objected to the dismissal of Count VIII of their Amended Complaint. This court stated:

> As far as Count VIII, this court notes that Plaintiffs have cited no authority in support of their argument that an allegation in the Amended Complaint can be considered an "affidavit" for purposes of 735 Ill. Comp. Stat. 5/2-622. This court concludes that, under § 2-622, "an affidavit must be provided." See Hill v. C.R. Bard, Inc., 582 F. Supp. 2d 1041, 1046 (C.D. Ill. 2008), quoting Hobbs v. Lorenz, 786 N.E.2d 260, 263 (Ill. App. Ct. 2003). This court therefore agrees with Judge Bernthal that Plaintiffs did not satisfy the requirements of § 2-622 by making allegations in the complaint. Judge Bernthal correctly stated that "under any circumstances, a plaintiff must file an affidavit; an allegation in the complaint does not satisfy the statutory requirement." This court also rejects Plaintiffs' request that the dismissal of Count VIII be without prejudice. Plaintiffs clearly failed to comply with the requirements of § 2-622 and the statute of limitations has passed. See Hill, 582 F. Supp. 2d at 1048-49. Therefore, this court concludes that dismissal of Count VIII with

4

prejudice is proper in this case.

This court therefore dismissed Count VIII with prejudice. On January 12, 2010, Plaintiffs filed their Second Amended Complaint (#42) which added defendants but did not include a wrongful death claim.

ANALYSIS

On January 26, 2010, Plaintiffs filed a Motion to Alter or Amend a Judgment (#46) and a Memorandum in Support (#47). Plaintiffs asked this court to amend its Order as to Count VIII to make the dismissal without prejudice and allow Plaintiffs 30 days to file a Third Amended Complaint with the affidavit of a qualified health professional pursuant to 735 Ill. Comp. Stat. 5/2-622(a)(1). In their Memorandum, Plaintiffs argued that it is subsection 2 of section 2-622(a) that applies to this case. This subsection provides that a plaintiff may submit an affidavit stating that the affiant was unable to obtain the required consultation prior to the expiration of the statute of limitations.[1] Plaintiffs argued that this is clearly a "technical Illinois pleading requirement, not substantive law" so that this court is not bound by its requirement and should, instead, follow federal pleading standards. Plaintiffs also argued that this court's Order dismissing Count VIII with prejudice was a "clear error of Illinois law." Plaintiffs relied heavily on Cookson v. Price, 914 N.E.2d 229 (Ill. App. Ct. 2009), leave to appeal allowed (Jan. 27, 2010), and Simpson v. Ill. Health Care Servs., Inc., 588 N.E.2d 471 (Ill. App. Ct. 1992). Plaintiffs also argued that, based upon the Seventh Circuit's decision in Sherrod, this court should have allowed them leave to amend. In

---

[1] This court notes that HPL has set out a detailed footnote regarding the effect of the recent decision of the Illinois Supreme Court in Lebron v. Gottlieb Mem. Hosp., 2010 WL 375190 (Ill. Feb. 4, 2010) which held that 735 Ill. Comp. Stat. 5/2-1706.5 violates the Illinois Constitution and is invalid. This court agrees with HPL that the Illinois Supreme Court's ruling means that the 1998 version of section 2-622 is the version which is valid and in effect. This court also agrees with HPL that this version requires an affidavit and a written report and therefore does not alter the analysis in this case.

5

addition, Plaintiffs argued that they "demonstrated good cause for their failure to obtain the necessary records for the 2-622 Certificate of Merit." Plaintiffs stated, "[w]hile in retrospect, it would have been better for plaintiffs' attorney to attach a separate affidavit, stating exactly what was stated in ¶ 50 [of the Complaint], this is more akin to a procedural technicality, which should not be the basis for dismissing an otherwise meritorious complaint, especially when the complaint is filed pursuant to the notice pleading standards" of Rule 8 of the Federal Rules of Civil Procedure.

On February 12, 2010, HPL filed its Response to Plaintiffs' Motion to Alter or Amend a Judgment. HPL argued that this court has previously ruled that section 2-622 is substantive law in the State of Illinois, not a technical pleading requirement. HPL also argued that this court acted within its discretion in dismissing Count VIII with prejudice pursuant to settled law in this district. In addition, HPL argued that Plaintiffs have not demonstrated good cause for their failure to comply with the statutory requirements and noted that "to date no Certificate of Merit has been filed." HPL stated that, on November 23, 2009, Defendants Walsh, HPL and Champaign County served their initial Rule 26 disclosures on Plaintiffs, which included a copy of Janet's medical records. HPL noted that Plaintiffs have had these records for more than 30 days, yet no affidavit and report has been filed.

This court first agrees with HPL that it has previously ruled that section 2-622 is substantive law which applies to medical malpractice claims filed in the federal courts in Illinois. This court first made this determination on December 21, 2007, in Winfrey v. Walsh, Case No. 07-2093, a case involving the same attorney who represents Plaintiffs in this case. This court reaffirmed this conclusion in Hill. Hill, 582 F. Supp. 2d at 1046. This court agrees with HPL that this court's decision in Hill is directly on point. In Hill, as in this case, the plaintiff did not file a certificate or

an affidavit as required by section 2-622. This court, relying on Hobbs, concluded that the medical malpractice claims could not succeed because of the failure to comply with section 2-622 and because the statute of limitations had run. Hill, 582 F. Supp. 2d at 1048-49, citing Hobbs, 786 N.E.2d at 264. This court determined that these claims had to be dismissed with prejudice. Hill, 582 F. Supp. 2d at 1050-51. This court distinguished Sherrod, noting that, in Sherrod, a physician's report had actually been filed pursuant to 2-622(a)(1), but the district court found it insufficient under Illinois law. See Hill, 582 F. Supp. 2d at 1050. This court stated:

> In the instant case, no certificate was ever filed, nor was a 2-622(a)(2) affidavit attached asking for a 90-day extension to file. Neither has been filed in the four months since the Amended Complaint was filed.

Hill, 582 F. Supp. 2d at 1050.

In this case, like Hill, Plaintiffs did not file a certificate or an affidavit. Plaintiffs' original complaint was filed June 18, 2009, the day the two-year statute of limitations ran. Since that date, Plaintiffs have not filed a report or an affidavit. Even if a section 2-622(a)(2) affidavit had been filed, the 90-day extension would have expired long ago.

This court also agrees with HPL that the Illinois cases relied on by Plaintiffs are distinguishable because the cases concerned the inadequacies of the written reports and/or affidavits, not the complete lack thereof. For example, in Cookson, an affidavit was filed with the complaint which stated that Cookson's attorney was unable to obtain the health professional consultation required by section 2-622 and that the statute of limitations would impair the action. Cookson, 914 N.E.2d at 230. Cookson was therefore allowed a 90-day extension to file the required documents.

7

Cookson, 914 N.E.2d at 230. The report was filed, but was determined to be insufficient. The trial court denied Cookson's motion to file a second attorney affidavit and health professional report and dismissed the complaint. The appellate court reversed, noting that the trial court incorrectly concluded that it could not allow Cookson to file a new report authored by a different health care professional. Cookson, 914 N.E.2d at 232. The court stated, "[t]o bar a plaintiff from amending his or her affidavit and corresponding report would elevate the pleading requirements set forth in section 2-622 to a substantive defense contrary to both the spirit and purpose of the statute." Cookson, 914 N.E.2d at 233. Here, of course, there are no affidavits and no report to amend. In her special concurrence, Justice Wright noted that "the record clearly shows that plaintiff was aware of the statutory deadlines enacted by our lawmakers, attempted to comply with those deadlines by requesting a 90-day extension of time to provide a health care report, and showed good cause for requesting leave to amend in order to correct a defect in the health care report attached to the pleadings." Cookson, 914 N.E.2d at 233 (Wright, J., specially concurring). In this case, the record shows only that Plaintiffs chose to ignore the statute's clearly written requirements.

In Simpson, no affidavit was filed with the complaint. Simpson, 588 N.E.2d at 472-73. However, in response to the defendants' motion to dismiss, Simpson's attorney filed an affidavit which detailed his attempts to obtain the required physician's certification and, on the day of the hearing on the motion to dismiss, filed a doctor's report which stated that Simpson had a meritorious cause of action. Simpson, 588 N.E.2d at 473. The trial court dismissed the complaint with prejudice and the appellate court reversed. Simpson, 588 N.E.2d at 474-75. This court agrees with HPL that Simpson is distinguishable and does not support Plaintiffs' request for relief. In this case, unlike Simpson, no affidavit or report was filed prior to this court's ruling on the Motion to Dismiss.

8

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion to Alter or Amend a Judgment (#46) is DENIED.

ENTERED this 22nd day of February, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE