E-FILED
Thursday, 12 January, 2012  01:11:51 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| PATRICK HAHN, and ) | |
| ERIK REDWOOD, Administrator of the ) | |
| Estate of Janet Louise Hahn, Deceased, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 09-2145 |
| DANIEL WALSH, et al., ) | |
| Defendants. ) | |

# ORDER

    Plaintiffs filed their Complaint (#1) on June 18, 2009.  The claims plead therein stem from the death of Janet Louise Hahn on June 18, 2007.  The Court entered a Discovery Order (#32) which established April 15, 2010, as the deadline for amendment of pleadings.

    Subsequently, Plaintiffs have filed two Amended Complaints.  On November 15, 2011, they sought leave to file a fourth version when they filed a Motion to Modify Discovery Order and For Leave to File Third Amended Complaint (#116).  Defendants, City of Urbana, Syliva Morgan, Matthew Bain, and Angela Menocci filed an Objection to Plaintiffs' Motion to File Third Amended Complaint (#120).  Defendants Daniel Walsh, Health Professionals, Ltd., an Illinois corporation, and County of Champaign, Illinois, (hereinafter "Champaign Defendants") filed Defendants' Response to Plaintiffs' Motion to Modify Discovery Order and For Leave to File Third Amended Complaint (#121).

    As noted, Plaintiffs' motion was untimely.  It was filed well after the deadline for amendment of pleadings.  Both the Federal Rules of Civil Procedure and this Court's local rules make clear that the parties are bound by the deadlines in the scheduling order.  However, both rules include language designed to avoid rigid and arbitrary enforcement of the discovery order.  For example, FED. R. CIV. P. 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent."   CDIL-LR 16.2(D) of this Court provides, "The parties and their counsel are bound by the dates specified in the scheduling order absent a finding of due

diligence and good cause for changing said dates." These rules should be applied in a manner consistent with FED. R. CIV. P. 15(a)(2) which directs the Court to grant leave to amend "freely" "when justice so requires."

Accordingly, the Court must do more than merely compare the date of filing to the deadline for amendment. Rather, the Court must determine if justice requires granting leave to file the Third Amended Complaint. In so doing, the Court should determine whether Plaintiffs have shown due diligence. In addition, the Court is to consider whether there is good cause.[1]

The Court has carefully considered the written submissions of the parties, including the proposed Third Amended Complaint. While Plaintiffs seem to suggest that certain information leading to the need to file a fourth version of the complaint only recently came to light through discovery completed in the fall of 2011, it appears that the delay in gathering the information is more the responsibility of Plaintiffs. Plaintiffs point out in Paragraph 6 of the motion that some 26 witness depositions were taken between September 8, 2011, and September 30, 2011. Plaintiffs do not explain why the depositions were taken more than two years following the filing of the Complaint. Plaintiffs do not accuse Defendants of delaying the depositions. In fact, Defendants Walsh, Health Professionals, Ltd., an Illinois corporation, and County of Champaign, Illinois, assert that Plaintiffs "waited until August 16, 2011, to request the depositions of 25 individuals." Defendants give other example of what the Court considers a lack of diligence on the part of Plaintiffs.

In addition, written responses filed by Defendants point out that most, if not all, of the information upon which the claimed need to file an additional amended complaint is based was or certainly should have been in the hands of Plaintiffs and their counsel well before the filing of the instant motion. No adequate explanation for waiting until mid November 2011, has been offered. The Court concludes that Plaintiffs have not shown due diligence.

---

[1] The Court refers to the rules regarding the change of deadlines because Plaintiffs are seeking a modification of the deadline in order to file their Third Amended Complaint.

Much of the information leading to the finding of a lack of due diligence is also relevant to the issue of good cause. This undermines Plaintiff's claim that good cause exists under these circumstances.

Plaintiffs seek to make a substantial change in their theory of recovery. They state in their memorandum of law:

> Plaintiffs knew that Janet was arrested without a warrant and taken to the jail by Urbana defendants, it was an inadvertent error to plead against the Urbana defendants under the Fourteenth Amendment which applies to pre-trial detainees who have already have a *Gerstein* hearing. Plaintiffs seek to correct by adding a Fourth Amendment theory.

Such a change would substitute a totally different standard. As such, the impact on Defendants' analysis, strategy, and overall conduct of the defense is substantial. The Court agrees with Defendants and adopts as its reasoning Defendants' argument regarding the potential for undue prejudice.

In sum, allowing the amendment would certainly further the interest of Plaintiffs. However, in the opinion of the Court, it would not further justice. In fact, allowing the amendment at his stage of the proceedings would be an injustice. Accordingly, the Motion to Modify Discovery Order and For Leave to File Third Amended Complaint **(#116)** is **DENIED**.

Additionally, according to an Order entered November 22, 2011, the case dispositive deadline that had previously been vacated is hereby established as February 13, 2012.

ENTER this 12th day of January, 2012.

> s/ DAVID G. BERNTHAL
> U.S. MAGISTRATE JUDGE